UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**WILLIAM THOMAS WINNETT, II**                                                                 **PLAINTIFF**

**v.**                                                                 **CIVIL ACTION NO. 4:20-cv-62-JHM**

**SHAWN PIRTLE et al.**                                                                 **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, William Thomas Winnett, II, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the Court will dismiss this action.

### I. STATEMENT OF CLAIMS

Plaintiff, an inmate at the Fulton County Detention Center, names as Defendants Shawn Pirtle; Connie Hayes; Jonshea Gregory; and Nathan Cobb, a Henderson County Police Officer. He alleges that on September 19, 2015, Defendants Hayes, Pirtle, and Gregory submitted a false police report claiming that Plaintiff assaulted Defendant Pirtle, when, in fact, Defendant Pirtle attacked him leaving him with permanent scars. He alleges that Defendant Cobb should have interviewed the neighbor who made the 911 call and that Defendant Cobb refused to allow Plaintiff to receive medical treatment from the EMTs at the scene. Plaintiff alleges that Defendant Cobb's actions resulted in Plaintiff's conviction and permanent scars.

Plaintiff asks for monetary and punitive damages and "release/expungement and end illegal detention."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). It is clear from the

complaint that Plaintiff was aware of the physical injuries he allegedly sustained on the day of the attack, September 19, 2015.[1]

A false imprisonment claim accrues "once the victim becomes held pursuant to [legal] process—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 364, 389 (2007). Plaintiff's statute of limitations on his false imprisonment claims began to run on the date of his arrest, or at the latest on the date when Plaintiff was arraigned, which presumably was just a matter of days later.

The Supreme Court has held that when the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007). Here, it is obvious from the face of the complaint that Plaintiff's claims are time-barred. The complaint states that it was delivered to the prison mail system on April 17, 2020,[2] years after the one-year statute of limitations ran.

Finally, the Court turns to Plaintiff's request to be released from illegal detention. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, to the extent that Plaintiff is seeking immediate release from detention, a § 1983 claim for such relief cannot lie and will be dismissed. *See, e.g., Lowery v. Ky. Court of Justice*, No. 1:18CV-P59-JHM, 2018 WL 5892367, at *2 (W.D. Ky. Nov. 9, 2018).

---

[1] Plaintiff states that on that date Defendant Pirtle assaulted him with a garden hose in the backyard. Plaintiff alleges Defendant Pirtle also "chopped off [the] knuckles of my index and middle fingers on my right hand. He bit my right breast and his teeth imprints are still visible today." He also states that he still has scars from being hit with the garden hose in the shoulder and leg, as well as a scar from being hit on the back of his head.

[2] Under the prisoner mailbox rule, a civil action is deemed filed on the date that it is deposited in the prison mail system for mailing. *See Richard v. Ray,* 290 F.3d 810, 813 (6th Cir. 2002) (holding that the mailbox rule "applies to civil complaints filed by pro se petitioners incarcerated at the time of filing").

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: October 12, 2020

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
4414.009

4